UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JERRY VANDIVER,** | 2:21-CV-11771-TGB-EAS |
| Plaintiff, | |
| vs. | **ORDER DISMISSING CASE** |
| **BRIAN MADERY, ET AL.,** | |
| Defendants. | |

Plaintiff, Jerry VanDiver, who is presently incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan, filed this pro se civil rights complaint. Plaintiff sues four MDOC employees who work in the mail room at his facility and the Director of the MDOC. Plaintiff alleges that in retaliation for his previous lawsuits and grievances, Defendants opened and destroyed some of his legal mail between November 1, 2018, and February 21, 2021. He asserts in conclusory terms that the MDOC Director created a policy allowing for this conduct, and that he has not been permitted to file grievances because he has been denied the proper forms. Plaintiff asserts that the conduct of Defendants "has a 'chilling' effect on [his] willingness to raise substantial legal issues critical of the prison employees." Compl., ECF No. 1, PageID.12.

1

Plaintiff has filed an application to proceed without prepayment of the filing fee. The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1) (as amended). See also *In Re Prison Litigation Reform Act*, 105 F.3d 1131, 1138 (6th Cir. 1997). The in forma pauperis statute, 28 U.S.C. § 1915(a), provides prisoners the opportunity to make an initial partial filing fee and pay the remainder in installments. *See Miller v. Campbell*, 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000).

Under the PLRA, a court may dismiss a prisoner's case if the prisoner has filed three or more cases found to be frivolous, malicious, or lacking any valid claim. *See* 28 U.S.C. § 1915(g) (1996); *Thaddeus-X v. Blatter*, 175 F.3d 378, 400 (6th Cir. 1999). This three-strikes provision prohibits a prisoner who has had three prior suits dismissed for being frivolous from proceeding in forma pauperis in a civil rights suit absent an allegation that the prisoner is in imminent danger of serious physical injury. *See Clemons v. Young*, 240 F. Supp. 2d 639, 641 (E.D. Mich. 2003).

Plaintiff acknowledges that he is a "three-striker" who has filed more than three federal lawsuits that have been dismissed as frivolous or failing to state a claim. Compl., ECF No. 1, PageID.16; *see also Vandiver v. Mich. Dep't of Corr.*, 2021 WL 3089372, at *3 (E.D. Mich. July 22, 2021) (rejecting Plaintiff's application to proceed in forma pauperis under three-strikes rule). Plaintiff asserts that he is nevertheless entitled

2

to proceed in forma pauperis because he faces imminent danger of serious physical injury due to his chronic medical conditions.

To trigger the imminent danger exception to the three-strikes rule, "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008)). The prisoner's allegations also must not be irrational, incredible, or speculative, and must describe with sufficient detail why the prisoner is in imminent danger. *See id.* "[T]he imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Id.* (quoting *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011)).

The Sixth Circuit has not decided whether there is a requirement to assert a nexus between the subject matter of the suit and the imminent danger. *See Vandiver*, 727 F.3d at 588 (declining to reach issue whether § 1915(g) incorporates a nexus requirement). The weight of authority from other Circuits, however, does recognize such a requirement. *See Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009) (seminal case holding that there must be some nexus between the alleged imminent danger and the legal claims in the complaint); *Andrews v. Cervantes*, 493 F.3d 1047, 1053-54 (9th Cir. 2007); *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Day v. Maynard*, 200 F.3d 665, 667 (10th Cir. 1999);

*Ball v. Hummel*, 577 F. App'x 96, 96 n.1 (3d Cir. 2014) (citing *Pettus*); *Chavis v. Chappius*, 618 F.3d 162, 171 (2d Cir. 2010); *Tippins v. Holden*, 2020 WL 4344984, at *4-5 (W.D. Mich. July 29, 2020) (discussing cases and statutory language and ruling that imminent danger must be related to the subject of the complaint so as to not subvert the PLRA).

Plaintiff's claims are not related to any alleged present imminent danger of serious physical injury. While Plaintiff claims that he is still not receiving adequate medical care in the MDOC, his claims in this action assert only that from November 2018 until February 2021, Defendants opened and destroyed some of his legal mail in retaliation for his lawsuits and grievances, and that he is not being provided with proper grievance forms. Though some of the legal mail may have concerned lawsuits involving Plaintiff's medical condition, Plaintiff's claims directly challenging the provision of adequate medical treatment were settled in an action brought against Corizon Healthcare and Plaintiff's MDOC medical providers. *See VanDiver v. Corizon, et. al*, E.D. Mich. No. 20-10162 (Compl., ECF No. 1, PageID.14-31). Though that case is closed, the Court retained jurisdiction to enforce the terms of the settlement.[1] *Id.*, ECF No. 25. The present case, in contrast, involves past

---

[1] If the "imminent danger" Mr. VanDiver fears arises from the possibility that the alleged interference with his judicial mail or grievances affects his ability to receive adequate medical care, such concerns would be better addressed as part of his previous case, in a manner consistent with the terms of that settlement.

4

interference with Plaintiff's legal mail and grievances, ending in February of 2021. The Complaint therefore does not assert a sufficient nexus between the Defendants' actions in this case and any current imminent threat of physical danger to Plaintiff as the result of alleged inadequate medical care. It is not clear that the claimed conduct of mail or grievance interference had any impact on Plaintiff's medical condition. Moreover, as the latest conduct took several months before he filed his complaint, Plaintiff has not made out a clear case of imminent danger.

Based upon the foregoing, Plaintiff has not shown that he is under imminent danger of serious physical injury for the conduct asserted in his Complaint, such that the Complaint would fall within the exception to the three strikes provision of 28 U.S.C. § 1915(g).

Accordingly, it is **ORDERED** that Plaintiff's Application to Proceed without Prepayment of the Filing Fee is **DENIED**. It is further **ORDERED** that the Complaint is **DISMISSED WITHOUT PREJUDICE**. Defendant is permitted to file a new complaint with full payment of the filing fee ($350.00) and the administrative fee ($52.00).

**SO ORDERED** this 22nd day of December, 2021.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge