UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JERRY VANDIVER,** | **2:21-CV-11771-TGB-EAS** |
| Plaintiff, | |
| vs. | |
| | **ORDER TO SUPPLEMENT FILING** |
| **BRIAN MADERY, ET AL.,** | |
| Defendants. | |

Plaintiff Jerry VanDiver, who is presently incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan, filed a pro se civil rights complaint against four MDOC employees who work in the mail room at his facility and the Director of the MDOC. He alleged that Defendants opened and destroyed some of his legal mail between November 1, 2018, and February 21, 2021 to retaliate against him for filing other lawsuits. ECF No. 1. On December 22, 2021, the Court found that he was a "three-striker" barred from filing his Complaint by the Prison Litigation Reform Act, and that he did not meet the "imminent danger of serious physical injury" exception to this bar. ECF No. 5.

Therefore, the Court denied his application to proceed in forma pauperis and dismissed his Complaint without prejudice.

Mr. VanDiver now moves the Court to reconsider its previous ruling. ECF Nos. 7, 9. The motion does not identify the authority under which it is brought, but the Court will liberally construe it as filed pursuant to Fed. R. Civ. P. 60(b), which outlines the various grounds under which a court may grant relief from a final order or judgment.[1]

In his Motion for Reconsideration, Plaintiff references more than once the "Affidavit of Serious Imminent Danger" attached to his original complaint. However, his original filing only contains one page of this affidavit, and the Court cannot determine if it is complete or if pages are missing. ECF No. 1, PageID.38. Therefore, the Plaintiff is **HEREBY ORDERED** to supplement the affidavit of imminent harm and explain how his health conditions present an imminent harm. He may re-submit the previous affidavit or prepare a new one. He should also explain how the claims of interference with mail from November 1, 2018, and February 21, 2021 and denial of grievance forms relate to the alleged imminent physical harm. In other words, how does interference with mail and/or denial of grievance forms cause or relate to an "imminent danger of serious physical injury" now?

---

[1] In this District, motions for reconsideration of final orders can only be brought under Fed. R. Civ. P. 59(e) or 60(b). *See* Local Rule 7(h). Given that Mr. VanDiver challenges this Court's Order *and* subsequent Judgment, Rule 60(b) is the most appropriate.

Plaintiff has sixty (60) days to submit any supplemental materials, not to exceed 15 pages. The Court will consider the Motion for Reconsideration at that time.

**IT IS SO ORDERED** this 28th day of April, 2022.

BY THE COURT:


/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge

3