UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JERRY VANDIVER**, <br><br> Plaintiff, <br><br> vs. <br><br> **BRIAN MADERY,** *et al.*, <br><br> Defendant. | 2:21-CV-11771-TGB-EAS <br><br> **ORDER DENYING MOTION TO SET ASIDE DISMISSAL** <br><br> **(ECF NO. 20)** |

Jerry VanDiver, a self-represented Michigan prisoner, sued five officials from the Michigan Department of Corrections, asserting that they violated his First Amendment rights by interfering with and destroying his legal mail in retaliation for other lawsuits he has filed over his medical care. *See* 42 U.S.C. § 1983. (ECF No. 1.)

Under Administrative Order 18-AO-042, VanDiver's case was referred to the Pro Se Prisoner Early Mediation Program. (ECF No. 15.) At a conference before Magistrate Judge Kimberly G. Altman on October 25, 2022, the parties reached a settlement agreement. Under the terms of this agreement, VanDiver agreed to dismiss his claims in exchange for a $250 payment. (ECF No. 21-2.) Accordingly, the Court entered an order dismissing and closing the case but retaining jurisdiction to enforce the terms of the settlement. (ECF No. 19.)

On November 3, 2022, VanDiver submitted a filing, styled as a "Motion to Reopen the Case and Set Aside the Order of Dismissal." (ECF

1

No. 20.) In this filing, he asserted that Defendants had not yet made the $250 payment. He further explained that, on October 31, he had sent them a letter, telling them that he would seek to reopen his case if he did not receive payment by November 4.

In response, Defendants acknowledged they had received VanDiver's letter. (ECF No. 21.) They also submitted receipts showing they had deposited $250 to his inmate trust account on November 3. (ECF No. 21-3.) VanDiver did not submit a further reply.

The Court is not bound by the procedural labels attached to VanDiver's submission. *See Brown v. Mills*, 639 F.3d 733, 734 (6th Cir. 2011). As its primary focus is non-payment under the terms of the settlement agreement, the Court will construe it as a motion to enforce the agreement. Given Defendants' uncontradicted evidence that the $250 payment has now been made to VanDiver, the motion is **DENIED**.

To the extent that VanDiver seeks to set aside the agreement, he has not articulated any recognizable ground for doing so. Nor has he articulated any other reason to set aside the order of dismissal. This case remains closed.

**IT IS SO ORDERED**, this 19th day of January, 2023.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge